# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JALIL COOPER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :  CIVIL ACTION NO. 19-CV-1004 |
| JAMES ANTHONY LAMMENDOLA,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**McHUGH, J.**                                                                                          **APRIL 18, 2019**

*Pro se* Plaintiff Jalil Cooper, a prisoner currently confined at SCI Somerset, has filed a civil rights Complaint and a Motion to proceed *in forma pauperis*. For the following reasons, because it appears that Cooper is unable to afford to pay the filing fee, the Court will (1) grant him leave to proceed *in forma pauperis*, (2) dismiss the federal law claims contained in the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (3) dismiss the state law claims for lack of subject matter jurisdiction.

## I.    FACTS

Cooper alleges that he was represented during his criminal trial by Defendant James Anthony Lammendola. (*See Commonwealth v. Cooper*, Docket No. CP-51-CR-0012360-2012). Public court records indicate that Cooper was convicted of murder and related charges on July 13, 2018 following a bench trial in which he represented himself with Lammendola serving as his court appointed standby counsel. Cooper's claims against Lammendola are based on his dissatisfaction with Lammendola's efforts as counsel/standby counsel. Cooper alleges constitutional claims under the Sixth, Seventh and Fourteenth Amendments, as well as state law claims for attorney malpractice and violation of Article 1, Section 9 of the Pennsylvania Constitution.

## II. STANDARD OF REVIEW

The Court will grant Cooper leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Cooper cannot maintain his federal constitutional claims against his court appointed standby counsel because, despite his allegations to the contrary, criminal defense attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A]

public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, the Court must dismiss Cooper's constitutional claims against Lammendola.

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any of Cooper's state law claims. Accordingly, the only independent basis for jurisdiction over any such claims would be 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

I will not grant leave to amend as I conclude amendment would be futile. First, I take judicial notice that diversity does exist. The public record from the underlying criminal trial, Philadelphia Court of Common Pleas (Docket # CP-51-CR-0012360-2012) reflects that Mr. Cooper is a citizen of Pennsylvania. Defendant Lammendola, whom public records show to be deceased as of February 18, 2019, was a member of this Court's Criminal Justice Act Panel, and this Court's records show his residence and practice to be in Pennsylvania. Even if there were some basis on which to assert diversity jurisdiction, amendment would be futile in substantive terms. Under Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). The record from the underlying state criminal

case giving rise to this claim reflects that he has not been granted such relief. Alternatively, a defendant convicted of a crime may sue his attorney for breach of contract to recover fees, without first winning post-trial relief. *Id*. Here, however, the record in the underlying case reflects that Mr. Lammendola was not privately retained, but rather court-appointed standby counsel. As such, there are no fees which Plaintiff would be entitled to recover.

If Mr. Cooper ultimately demonstrates ineffective assistance of counsel through further proceedings he remains free to pursue his claims in state court.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Cooper leave to proceed *in forma pauperis* and dismiss his Complaint. His constitutional claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). His state law claims are dismissed without prejudice to pursue them in state court if he can state a cause of action under Pennsylvania law. An appropriate Order follows.[1]

**BY THE COURT:**

/s/ Gerald Austin McHugh
United States District Judge

---

[1] In the Order, the Court also denies Cooper's Motion for Leave to Amend Civil Complaint (ECF No. 6) as moot. Cooper has not attached a proposed amended complaint to the Motion and it thus does not cure the jurisdictional defects.